UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DJOLE DRAGOVIC, :
: CASE NO. 1:10-CV-1250
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 19]
ENPROTECH STEEL SERVICES et al., :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Enprotech Steel Services, Daniel Lucas, Phil Wade, United Steel Workers International Union, and United Steel Workers Union Local 979-1 move, under Federal Rule of Civil Procedure 12(f), to strike Plaintiff Djole Dragovic's first amended complaint. [Doc. 19.] The Plaintiff opposes this motion. [Doc. 23.] For the following reasons, the Court **DENIES** the Defendants' motion to strike.

Plaintiff Dragovic worked for Defendant Enprotech from 2006 to 2009, first as a Class III Entry Assembler and then in the Washer/Assembly area. During that time, Defendant Lucas served as Enprotech's human resources director, and Defendant Wade served as the Plaintiff's immediate supervisor. [Doc. 1.] Defendants United Steel Workers International Union and Local 979-1 both represented the Plaintiff, who was a member of the two labor unions. [Doc. 1 at 3.]

On June 3, 2010, Plaintiff Dragovic filed a complaint against the Defendants, alleging

Case No. 1:10-CV-1250
Gwin, J.

wrongful discharge, breach of fair duty of representation, assault, battery, and intentional infliction of emotional distress. [Doc. 1.] In this complaint, the Plaintiff alleged that Defendants Wade and Lucas repeatedly dismissed and mocked the Plaintiff's requests to see a company doctor about a skin rash resulting from the liquid cleaner used in the Wash Area. According to the Plaintiff, despite later sustaining additional injuries to his knee and wrist, Defendant Enprotech never permitted Dragovic to visit a doctor. The Plaintiff added that Defendant Enprotech denied his deserved promotion to Class I status, and ultimately fired him under pretext and without cause. Dragovic further alleged that the union failed to arbitrate his discharge due to its bias against him.

On September 24, 2010, this Court held a case management conference, with all parties and attorneys present. [Doc. 16.] At that conference, the Plaintiff requested additional time to file an amended complaint, in which the Plaintiff indicated he would also assert claims of discrimination. The Court set an October 11, 2010 deadline for amended pleadings.

The Plaintiff accordingly filed his amended complaint on October 11, 2010. In the amended complaint, Dragovic reasserts his wrongful discharge, breach of fair duty of representation, assault, battery, and intentional infliction of emotional distress charges against the Defendants. In addition, he brings claims of discrimination based on national origin, age, and disability. [Doc. 18.]

The Defendants then filed the instant motion, arguing that (1) because the Plaintiff had not requested and been granted leave to file an amended complaint, this Court should strike the amended complaint under Rule 12(f) as "impertinent", [Doc. 19 at 4], and (2) the Plaintiff failed to include his national origin, age, and disability discrimination claims in any Equal Employment Opportunity Commission Charge and thus cannot bring them in this Court, [Doc. 19 at 7-11].

Although the Defendants move this Court to strike the Plaintiff's amended complaint in its

Case No. 1:10-CV-1250
Gwin, J.

entirety under Rule 12(f), such a motion "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint . . .." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure § 1380 (3d ed. 2004 & Supp. 2009)*; *see also Wabash Valley Power Ass'n, Inc. v. Pub. Serv. Co. of Ind., Inc.*, 678 F. Supp. 757, 761 (S.D. Ind. 1988) ("A 12(f) motion to strike is not the proper procedure to place plaintiff's pleadings in issue."). Instead, Rule 12(f) permits the court to strike "*from* a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

Because Rule 12(f) does not permit this Court to strike the Plaintiff's first amended complaint in its entirety, the Court treats the Defendants' motion as both an objection to the Plaintiff's filing of the amended complaint under Rule 15(a) and a motion to strike any allegedly improper paragraphs of the amended complaint.

As to the Rule 15 challenge, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Moreover, "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (holding that, notwithstanding plaintiff's unjustified delay, district court's refusal to allow plaintiff to amend complaint to bring claim under proper statutory provision was abuse of discretion).

In this case, the Court established a deadline to amend pleadings in direct response to the Plaintiff's request to file an amended pleading. The Plaintiff made this request during the case management conference, with all parties present. The Court interpreted that request as one for leave to file an amended complaint, and intended that the Plaintiff could file such amendment on or before the October 11, 2010 deadline.

Case No. 1:10-CV-1250
Gwin, J.

As to the motion to strike, such motions are generally disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also United States v. Am. Elec. Power Serv. Corp.*, 218 F. Supp.2d 931, 935 (S.D. Ohio 2002); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004 & Supp. 2009) ("[T]here appears to be general judicial agreement . . . that [motions to strike] should be denied unless the challenged allegations. . . may cause some form of significant prejudice . . ..").

The allegations in the challenged portions of Dragovic's amended complaint are neither so clearly immaterial to the controversy or prejudicial to the Defendants that they must be stricken. The Plaintiff's EEOC Charges of Discrimination against Defendants Enprotech and Local 979-1 assert discrimination based on sex, national origin, age, and disability. [Doc. 19-1; Doc. 19-2; Doc. 19-4; Doc. 19-5.] Had the EEOC investigated these Charges, the scope of that investigation could be reasonably expected to include such discrimination claims.[1] Similarly, the discrimination claims brought in the Plaintiff's amended complaint could be reasonably expected to grow out of Dragovic's EEOC charges. Moreover, the inclusion of such claims does not prejudice the Defendants: all parties, at this stage of litigation, have ample incentive and opportunity to explore these matters further in discovery.

The Defendants additionally argue that many courts have denied leave to file amended pleadings, where those pleadings would bring claims insufficient to survive a motion to dismiss. [Doc. 19 at 7.] The Defendants ostensibly raise this argument to suggest that the Court should

---

[1] The Defendants argue that the Plaintiff, by virtue of seeking and obtaining right to sue letters on these charges, foreclosed the possibility of an EEOC investigation. However, this argument is irrelevant to the question of whether Dragovic's EEOC Charges provided sufficient notice or foundation for investigation of his discrimination claims.

-5-

Case No. 1:10-CV-1250
Gwin, J.

ultimately consider, using a motion to dismiss standard, whether the Plaintiff exhausted his administrative remedies on the added discrimination claims and whether he may seek relief against Defendants Lucas and Wade individually under Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. However, the Court has already permitted the Plaintiff to amend his complaint and will not now reconsider that decision. Furthermore, the Court declines to speculate as to whether the Plaintiff's claims could survive a motion to dismiss, as the Defendants have filed no such motion.

For the foregoing reasons, the Court **DENIES** the Defendants' motion to strike the Plaintiff's amended complaint.

IT IS SO ORDERED.


Dated: November 15, 2010      s/      *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE